LEO M. SCHACHTER, Respondent, *v.* NIGHT & DAY PRESS, INC., Appellant.

Supreme Court, Appellate Term, First Department, June 4, 1925.

Depositions — production of books and papers — exclusion of testimony of defendant's president as to amount of business done in year on ground defendant's books were best evidence, erroneous — pleadings — summons indorsed " Action for moneys due and owing " does not state cause of action — complaint dismissed for failure to serve bill of particulars.

The exclusion of evidence by defendant's president as to the amount of business done in a certain year by his firm, on the ground that the books of his concern

were the best evidence and that a notice to produce had not been complied with, was error, where the testimony related to a material fact which was the only issue in the case.

The indorsement upon the summons "Action for moneys due and owing " is not a statement of a cause of action and, therefore, plaintiff's failure to serve a bill of particulars of the claim sued upon warrants the dismissal of the complaint.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of plaintiff after a trial before a judge without a jury.

*Morse S. Hirsch,* for the appellant.

*Charles L. Kahn,* for the respondent.

PER CURIAM:

The present appeal raises two points which in our opinion justify reversal. Defendant's president offered to testify to the amount of business done by his company during the year 1922. Plaintiff objected to the proof on the ground that the books of the company were the best evidence and that a notice to produce had been served by the plaintiff and that the books had not been produced as required. This objection was sustained by the learned trial court with exception to the defendant. The non-production of the books would have justified plaintiff in introducing secondary evidence of their contents or, if the notice to produce had been treated by both counsel and court as the equivalent of a subpœna, the non-production would have perhaps justified an adjournment, but in neither situation was the trial court justified in excluding the evidence of defendant's witness as to a material fact which was the only issue in the case.

The summons in the instant case was indorsed: " Action for moneys due and owing." This is not a statement of a cause of action or of the substance of one, and defendant very properly moved for a bill of particulars of the claim, which motion was granted. Defendant made no motion to preclude, however, relying upon a motion which he made at the opening of the trial to dismiss the complaint on the ground that no cause of action was stated, which motion he reinforced by reference to the fact that no bill of particulars had been served. The complaint should have been dismissed as requested. These two errors require reversal of the judgment and a new trial, with costs to the appellant to abide the event.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MCGOLDRICK and LEVY, JJ.